UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATHANIEL RIDLEY,

    Plaintiff,

v.                                            CASE NO. 3:11-cv-81-J-32JBT

BAPTIST HOSPITAL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("the Application") (Doc. 2). For the reasons stated herein, the Court will recommend that the Application be **GRANTED**. However, the Court will also recommend that some of the claims in the Amended Complaint be **DISMISSED**.

    **I.**    **Introduction and Summary of Recommendation**

On February 18, 2011, the Court deferred ruling on the Application and allowed Plaintiff an opportunity to file an amended application and complaint on or before March 16, 2011. (Doc. 15.) On March 15, 2011, Plaintiff supplemented his Application (*see* Doc. 17), and filed an Amended Complaint (Doc. 18). On March 30, 2011, based on

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Plaintiff's supplemented Application, the Court found Plaintiff indigent for purposes of 28 U.S.C. § 1915. (Doc. 19.) However, the Court allowed Plaintiff to file a second amended complaint on or before April 29, 2011 because it determined that the Amended Complaint was deficient for several reasons. (Doc. 19.) On April 29, 2011, Plaintiff filed his Second Amended Complaint, which he titled "Amended Complaint." (Doc. 20.)

The caption of the Second Amended Complaint lists twenty Defendants, apparently consisting of seven Jacksonville area hospitals or medical centers and thirteen doctors. (Doc. 20.) Plaintiff makes a variety of allegations against seventeen of the Defendants named in the caption.[2] As to one or more of the named Defendants, Plaintiff appears to allege in a conclusory manner medical malpractice, various civil rights violations, civil conspiracy, and refusal to provide medical records. (*Id.*)

Because the Court must give a liberal construction to Plaintiff's *pro se* pleading, it finds that Plaintiff has barely stated a plausible claim for medical malpractice against the five hospitals named as Defendants. Therefore, the case should be allowed to proceed as to these five Defendants. Further, it is at least arguable that Plaintiff has sufficiently alleged diversity jurisdiction. (*Id.* at 31-32.) However, the Court recommends that all the claims against the other Defendants in the Second Amended Complaint be dismissed as either frivolous or for failure to state a claim on which relief

---

[2] In the body of the 53-page Second Amended Complaint, Plaintiff did not make any allegations against "Dr. Davenport Family Medicine" (Doc. 20 at 2), "Dr. William Finnan Hyde Park Medical Center" (*id.* at 4), or "Dr. Edward Secunda" (*id.* at 5). Accordingly, the case is due to be dismissed for failure to state a claim as to these Defendants.

may be granted.

**II.   Standard**

Even after a court finds a plaintiff indigent, the court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

"A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)), *cert. denied*, 534 U.S. 1044 (2001).  Section 1915(e)(2)(B)(i) dismissals should be ordered only when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  *Bilal*, 251 F.3d at 1349.

The Eleventh Circuit Court of Appeals has recognized that a court may consider a plaintiff's history of filing unmeritorious litigation when determining whether a complaint is frivolous.  *See id.* at 1350.  The fact that Plaintiff has previously filed several such claims casts doubt on the validity of the present lawsuit.[3]

---

[3] In its Order of March 30, 2011 (Doc. 19), the Court noted that this is the fourth
(continued...)

An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing FED. R. CIV. P. 8(a)(2), 12(b)(6)); *see also Graham v. Prudential Home Mortg. Co.*, 186 F.R.D. 651, 652 (D. Kan. 1999) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2)."). It is well-established, however, that the complaints of *pro se* litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam).

### III.  Analysis

#### A.  The Five Hospitals

Giving the Second Amended Complaint the liberal construction that it is owed, Plaintiff has stated a plausible claim for medical malpractice against Baptist Hospital, Shands Hospital, St. Vincent Hospital, St. Luke Hospital, and Memorial Hospital. (*See* Doc. 20 at 6-13.)  Accordingly, the undersigned will recommend allowing the case to

---

(...continued)
case that Plaintiff has filed in this Division, which arises out of the same events or series of events and/or is brought against some of the same Defendants as the prior three cases. *See Ridley v. Stewart*, 3:07-cv-1173-J-16JRK; *Ridley v. State Farm Ins. Co.*, 3:07-cv-1038-J-20MCR; *Ridley v. Simmons*, 3:11-cv-80-J-32JBT. A more detailed summary of these cases, and Plaintiff's state court litigation, is contained in the Report & Recommendation (Doc. 15), *Ridley v. Simmons*, 3:11-cv-80-J-32JBT (M.D. Fla. Apr. 8, 2011). The Court cautioned Plaintiff that his previous history with the Court, particularly any unmeritorious lawsuits, could be considered when determining whether his Complaint is frivolous. (Doc. 19.)

go forward as to these five hospitals.[4]

### B. Dr. Eric Stewart

Proceeding down the list of Defendants named in the caption of the Second Amended Complaint, Dr. Eric Stewart is next. In regard to Dr. Stewart, Plaintiff has alleged that the doctor refused to give Plaintiff his medical records and "conspiracy." (*Id.* at 36.)

As to Plaintiff's allegation that Dr. Stewart refused to give Plaintiff his medical records, the Court recognizes Section 766.204 of the Florida Statutes, which provides in relevant part:

> (1) Copies of any medical record relevant to any litigation of a medical negligence claim or defense shall be provided to a claimant or a defendant, or to the attorney thereof, at a reasonable charge within 10 business days of a request for copies . . . . It shall not be grounds to refuse copies of such medical records that they are not yet completed or that a medical bill is still owing.
> (2) Failure to provide copies of such medical records, or failure to make the charge for copies a reasonable charge, shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requirement of written medical corroboration by the requesting party.

FLA. STAT. § 766.204. Thus, although failure to provide medical records may waive

---

[4] The Court is doing so reluctantly for a number of reasons. First, although the Court cannot conclude that these allegations are "clearly baseless," the Court notes that Plaintiff's burden to prove that the five hospitals committed malpractice is great. In addition, it appears that Plaintiff's pleading has a "malicious" element to it given the number of Defendants and the nature of some of the allegations. Moreover, Plaintiff has not alleged compliance with the presuit medical malpractice screening requirements set forth in chapter 766 of the Florida Statutes. Finally, and without limitation, the allegations relate to a time frame as far back as 2003, so Florida's statutes of limitations and repose in medical malpractice cases appear to present a considerable obstacle for Plaintiff to overcome. However, since these matters are more appropriately raised as defenses, the Court believes it is compelled to allow Plaintiff to proceed forward at this juncture.

certain presuit requirements, the Court is not aware of any basis for an independent cause of action arising out of a refusal to provide medical records, and Plaintiff has provided none. Therefore, this alleged claim is due to be dismissed for failure to state a claim on which relief may be granted.

The elements of a claim of civil conspiracy are: "'(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (quoting *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159-60 (Fla. Dist. Ct. App. 2008)). Although Plaintiff satisfied the first element by alleging that Dr. Stewart conspired with Dr. Sachf (*see* Doc. 20 at 40-43), Plaintiff never made any plausible allegation as to the second element of conspiracy: that the co-conspirators agreed to do an unlawful act or to do a lawful act by unlawful means. *See United Techs. Corp.*, 556 F.3d at 1271. Accordingly, as to Plaintiff's conclusory allegation of conspiracy, the case is due to be dismissed for failure to state a claim on which relief may be granted. Moreover, to the extent Plaintiff attempts to allege an overarching conspiracy among over twenty independent medical providers to take some type of harmful actions against him, the Court finds the claim frivolous and malicious. The factual allegations appear to be "clearly baseless" and the Plaintiff appears to have little to no chance of success.

### C. Dr. Harold Laski

In regard to Dr. Laski, Plaintiff again alleged conspiracy and that the doctor

refused to give Plaintiff his medical records. (Doc. 20 at 39-40.)

As to the allegation of conspiracy, Plaintiff did not allege the first element of civil conspiracy: an agreement. *See United Techs. Corp.*, 556 F.3d at 1271. Accordingly, the claim of conspiracy is due to be dismissed for failure to state a claim on which relief may be granted.

As to the allegation of refusal to provide Plaintiff's medical records, this claim against Dr. Laski is due to be dismissed for the same reasons as discussed in regard to Dr. Stewart.

### D. Dr. Anthony Nallapillai

In regard to Dr. Nallapillai, Plaintiff has alleged "the 8th Amendment,"[5] that Dr. Nallapillai refused to give Plaintiff pain medication or medication of any kind, and conspiracy. (*Id.* at 37.) He alleges that "she looked at me with an evil eye." (*Id.*)

The Eighth Amendment's prohibition against cruel and unusual punishment "applies only to punishments inflicted after conviction for crimes." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1295 (11th Cir. 2005); *see also Ingraham v. Wright*, 430 U.S. 651, 667-68 (1977) ("In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable."). Thus, Plaintiff's Eighth Amendment claim is due to be dismissed as

---

[5] As Plaintiff has not even alluded to any bail or fine imposed on him, the Court can only assume that Plaintiff wishes to invoke the Eighth Amendment's prohibition against cruel and unusual punishment.

7

frivolous.

As the Court has previously instructed Plaintiff (*see* Doc. 19), the elements of a medical malpractice claim are "duty, breach, causation and damages." *Kaplan v. Morse*, 870 So.2d 934, 937 (Fla. Dist. Ct. App. 2004). In regard to Plaintiff's allegation that Dr. Nallapillai refused to give him medications, Plaintiff did not allege any duty on the part of the doctor to give Plaintiff medication—i.e., a reason why the medications were necessary or appropriate to treat a condition Plaintiff had at the time of the doctor's refusal. Accordingly, the case is due to be dismissed for failure to state a claim on which relief may be granted as to this allegation.

In regard to the allegation of conspiracy, the case is due to be dismissed as to Dr. Nallapillai for the same reasons as discussed in regard to Dr. Laski.

### E.  Dr. Lamounett

In regard to Dr. Lamounett, Plaintiff again alleged conspiracy. (Doc. 20 at 44-45.) For the same reasons as discussed in regard to Dr. Laski, the case is due to be dismissed as to Dr. Lamounett.

### F.  Russell Sachf

Giving Plaintiff's allegations the liberal construction they are owed and accepting them as true, it appears that Plaintiff was taking oxycontin against one of his doctor's instructions, Dr. Sachf asked Plaintiff to submit a urine sample for drug testing, Plaintiff provided a sample, and then Dr. Sachf's secretary told Plaintiff that the doctor did not want to see him again. (*Id.* at 40-43.) In this context, Plaintiff again alleges conspiracy: this time, between Dr. Sachf and Dr. Eric Stewart. (*Id.*)

As discussed above in regard to Dr. Stewart, Plaintiff failed to plausibly allege the second element of civil conspiracy: that the co-conspirators agreed to do an unlawful act or to do a lawful act by unlawful means. *See United Techs. Corp.*, 556 F.3d at 1271. To Plaintiff's contention that the drug testing was illegal, the Court notes Plaintiff's following statements: "As soon as I walked in Dr. Sachf told me to give him a urine test so I did." (Doc. 20 at 42.) Plaintiff voluntarily provided the urine sample for testing after the doctor told Plaintiff to "give him a urine test." Accordingly, the claim of conspiracy against Dr. Sachf is due to be dismissed for failure to state a claim on which relief may be granted.

### G.  First Coast Medical

As to First Coast Medical, Plaintiff alleged refusal to provide medical records and conspiracy. (*Id.* at 47.) For the same reasons as discussed in regard to Dr. Laski, the allegations against First Coast Medical are due to be dismissed for failure to state a claim on which relief may be granted.

### H.  Dr. L. Monsod

As to Dr. Monsod, Plaintiff alleged cruel and unusual punishment and conspiracy. (*Id.* at 38.) For the same reasons as discussed in regard to Dr. Nallapillai, Plaintiff's allegation of cruel and unusual punishment allegation is due to be dismissed as frivolous.

As to the claim of conspiracy against Dr. Monsod, Plaintiff failed to allege either the first element (an agreement) or the second element (that the co-conspirators agreed to do an unlawful act or to do a lawful act by unlawful means) of conspiracy.

*See United Techs. Corp.*, 556 F.3d at 1271. Accordingly, Plaintiff's allegation of conspiracy against Dr. Monsod is due to be dismissed for failure to state a claim on which relief may be granted.

### I. Dr. Thomas Fix

Plaintiff alleged that Dr. Fix conspired to give him false records. (*Id.* at 35.) However, Plaintiff did not allege the first element of civil conspiracy: an agreement. *See United Techs. Corp.*, 556 F.3d at 1271. Accordingly, the claim of conspiracy against Dr. Fix is due to be dismissed for failure to state a claim on which relief may be granted.

### J. Baymeadows Primary Care Inc.

Plaintiff alleged that Baymeadows Primary Care Inc. refused to give Plaintiff his medical records and conspiracy. (Doc. 20 at 46.) For the same reasons as discussed in regard to Dr. Laski, the allegations against Baymeadows Primary Care Inc. are due to be dismissed for failure to state a claim on which relief may be granted.

### K. Dr. Richard Kersey

Plaintiff alleged that Dr. Kersey conspired with "the attorney that was on my case" to torture Plaintiff. (*Id.* at 33-34.) He alleges that Dr. Kersey and the attorney "was deliberately trying to cause me to have cancer with all of that radiation from x rays so often." (*Id.* at 34 (mistakes in original).) Because these factual allegations are "clearly baseless," *Neitzke*, 490 U.S. at 327, this allegation is due to be denied as frivolous.

As discussed above, the second element of a conspiracy claim is that the co-conspirators agreed to do an unlawful act or to do a lawful act by unlawful means. *United Techs. Corp.*, 556 F.3d at 1271. Although a plausible allegation that co-

10

conspirators agreed to torture a person would satisfy this element of the claim, the Court rejects as frivolous Plaintiff's allegation of torture.  Moreover, Plaintiff has not made any other allegations that would satisfy the second element of conspiracy.  Accordingly, the claim of conspiracy against Dr. Kersey is due to be dismissed for failure to state a claim on which relief may be granted.

Plaintiff also alleges that Dr. Kersey refused to provide Plaintiff his medical records.  (Doc. 20 at 34.)  This claim against Dr. Kersey is due to be dismissed for the same reasons as discussed in regard to Dr. Stewart.

### L.   Dr. Melchor M. Carbonell

In regard to Dr. Carbonell, Plaintiff alleged conspiracy and failure to provide medical records.  (Doc. 20 at 48-49.)  For the same reasons as discussed in regard to Dr. Laski, the allegations against Dr. Carbonell are due to be dismissed for failure to state a claim on which relief may be granted.

### M.   Dr. Anthony Fort

In regard to Dr. Fort, Plaintiff alleged conspiracy and failure to provide medical records.  (*Id.* at 45.)  For the same reasons as discussed in regard to Dr. Laski, the allegations against Dr. Fort are due to be dismissed for failure to state a claim on which relief may be granted.

## IV.   Conclusion

As stated in footnote 4, the Court is reluctantly recommending that the case be allowed to proceed in part.  Given Plaintiff's history of filing several duplicative suits, both in state and federal courts, his naming of an excessive number of Defendants in

this case, and his scattershot allegations with conclusory labels such as "conspiracy," the entire case could arguably be dismissed as frivolous and malicious. However, in an abundance of caution, the Court recommends that a portion of the case be allowed to proceed.

For the reasons stated herein, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **GRANTED**, and the case be allowed to proceed against Baptist Hospital, Shands Hospital, St. Vincent Hospital, St. Luke Hospital, and Memorial Hospital.

2. The case be **DISMISSED** as to all the remaining Defendants, i.e., Dr. Stewart, Dr. Laski, Dr. Nallapillai, Dr. Davenport, Dr. Lamounett, Dr. Sachf, First Coast Medical, Dr. Monsod, Dr. Fix, Baymeadows Primary Care Inc., Dr. Finnan, Dr. Kersey, Dr. Carbonell, Dr. Fort, and Dr. Secunda.

**DONE AND ENTERED** at Jacksonville, Florida, on May 31, 2011.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Plaintiff

The Honorable Timothy J. Corrigan
United States District Judge