**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATHANIEL RIDLEY,

        Plaintiff,

vs.                                                          Case No. 3:11-cv-80-J-32JBT

PAUL SIMMONS, et al.,

        Defendants.

_____

NATHANIEL RIDLEY,

        Plaintiff,

vs.                                                          Case No. 3:11-cv-81-J-32JBT

ST. VINCENT HOSPITAL, et al.,

        Defendants.

_____

## **ORDER**

These cases are before the Court for review of the files. Nathaniel Ridley, proceeding *pro se*, filed these two cases in January, 2011 in the Southern District of Georgia, which court, finding venue was proper here and not there, transferred them to this Court on January 26, 2011.

The original complaint in the 3:11-cv-80 case appeared to be alleging negligence arising out of a December 2002 auto accident, claims for which Ridley sued the automobile owner (Connice Simmons), the driver (Paul Simmons), and their insurer (State Farm). Ridley's complaint was accompanied by a notice of removal which reflected that Ridley had filed the negligence action in state court and was attempting to secure further review of the

state court's unfavorable decision. Upon review of Ridley's complaint, notice of removal, and motion for leave to proceed *in forma pauperis*, the Magistrate Judge issued an Order directing Ridley to file an amended complaint because it was not clear that the Court had subject matter jurisdiction because Ridley was improperly attempting to remove his own case from state to federal court. On April 29, 2011, Ridley filed an amended complaint alleging negligence related to the same auto accident against Paul Simmonds [sic], Connice Simmonds [sic] and State Farm Insurance Company. The Magistrate Judge reviewed the amended complaint (and a renewed affidavit of indigency) and, though concerns about subject matter jurisdiction persisted, the Court granted Ridley *in forma pauperis* status on May 5, 2011. The Clerk mailed summonses to Ridley and the Court issued an Order directing Ridley to perfect service of process no later than July 18, 2011. Ridley did not return the summonses for execution by the Marshal but instead, three days after the July 18, 2011 deadline, Ridley filed a [second amended] complaint in which he again brings claims for negligence against Paul Simmons, Connice Simmons, and State Farm, seeking $1,500,000.00 in damages. Ridley also moved for an extension of time to serve process (having failed to serve within the time directed by the Court's previous Order) and filed a new motion for leave to proceed *in forma pauperis*. Those motions are now before the Court.

In his other case, 3:11-cv-81, Ridley has sued (in his second amended complaint) a number of doctors, hospitals and medical facilities for their alleged negligence in treating Ridley's injuries which resulted from the auto accident and he has further alleged various civil rights and conspiracy violations. In that case, the Magistrate Judge has issued a Report and Recommendation recommending that Ridley's motion for leave to proceed *in forma pauperis*

2

be denied as to his claims against the various doctors, but that the motion be granted as to his claims against the hospitals for alleged medical malpractice. The Magistrate Judge noted that while some of Ridley's underlying claims may not be "baseless" within the meaning of the *in forma pauperis* statute, his claims were likely untimely under the relevant statutes of limitations and repose; he exhibited a "malicious" element, given the number of defendants named and types of claims raised; and he failed to demonstrate compliance with pre-suit medical malpractice requirements under Florida law. With benefit of the Magistrate Judge's Report and Recommendation, the motion for leave to proceed *in forma pauperis* is now before the Court.

In both cases, the Magistrate Judge has recounted Ridley's previous filing history with this Court and state courts, filings which are all related to this same 2002 auto accident and resulting injuries. Ridley's earlier federal cases were dismissed when he failed to pay any filing fee after his *in forma pauperis* motions were denied. See Ridley v. State Farm Ins. Co., Case No. 3:07-cv-1038-20MCR (M.D. Fla. Jul. 14, 2008) (Doc. 8, order of dismissal of case against State Farm, Paul Simmons and Connice Simmons); Ridley v. Stewart, Case No. 3:07-cv-1173-16JRK (M.D. Fla. Mar. 27, 2008) (Doc. 15, order of dismissal of case for civil rights violations and conspiracy brought against various doctors and lawyers). The Magistrate Judge has also described Ridley's unsuccessful attempts to secure relief for these same or similar claims in state court.

The Court has a broad grant of discretion under the *in forma pauperis* statute (28 U.S.C. §1915) to determine which litigants should have their filing fees and court costs assumed by the public. See Neitzke v. Williams, 490 U.S. 319, 324 (1989); Clark v. Ga.

Pardons and Paroles Bd, 915 F.2d 636, 639 (11th Cir. 1990).  Even if a complaint states a cause of action, it may still be dismissed as frivolous under the *in forma pauperis* statute in certain circumstances, such as where an obvious affirmative defense would defeat the action.  Clark, 915 F.2d at 640.  See also, Sgro v. U.S. Gov't, No. 6:09-cv-1793-Orl-18DAB, 2010 WL 309533, *4 (M.D. Fla. Jan. 25, 2010) (collecting cases where *in forma pauperis* status was denied based on various affirmative defenses).

In each of the two cases before the Court, Ridley has now filed second amended complaints and has therefore been given ample opportunity to try to state a non-frivolous cause of action.  In these circumstances, where nearly identical suits were dismissed by this Court over three years ago, where Florida's statutes of limitations and repose presents a bar to some or all of Ridley's claims, where Ridley has not demonstrated compliance with Florida's presuit medical malpractice screening requirements, where Ridley seems to be improperly pursuing federal review of state court decisions, and where there is a malicious element to some of his claims, the Court finds its discretion would not be best exercised by permitting either of these cases to go forward at the expense of the taxpayers.  See Sgro, 2010 WL 309533; Saussy v. Porter, No. CV401-305, 2011 WL 683964, *1 (S.D. Ga. Jan. 3, 2011) (dismissing case under *in forma pauperis* statute for failure to exhaust administrative remedies). The Court therefore **denies** Ridleys' motion to extend the time to serve process (Doc. 23) and the renewed motion for leave to proceed *in forma pauperis* (Doc. 24) filed in 3:11-cv-80 and also **denies** the motion for leave to proceed *in forma pauperis* (Doc. 2) filed in 3:11-cv-81.  If Ridley wishes to further attempt to prosecute either of these actions, he will have to pay the $350.00 filing fee in each case to do so.  The filing fees must be paid to the

Clerk no later than **September 15, 2011** or these cases will be dismissed for failure to prosecute. The Clerk is directed to close these files now, subject to reopening if the filing fees are paid.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of August, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Joel B. Toomey
United States Magistrate Judge

*pro se* plaintiff